IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GLENDA BURAS | PLAINTIFF |
| v. | CAUSE NO. 1:18CV22-LG-RHW |
| CONTACT NETWORK, LLC, KEVIN McCOY, DOUG WILSON, and JOHN DOES 1-10 | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

THIS MATTER COMES BEFORE THE COURT on the [6] Motion to Remand filed by the plaintiff, Glenda D. Buras. The defendants have filed a joint response, and Buras has replied. After due consideration of the pleadings, briefs and arguments of counsel and the relevant legal authorities, the Court finds that it does not have jurisdiction of this cause, and it should therefore be remanded to the Circuit Court of Pearl River County, Mississippi.

FACTS AND PROCEDURAL HISTORY

Plaintiff Buras is the owner of real propoerty in Pearl River County, Mississippi. She alleges that the defendants "illegally dumped a large amount of foreign, deleterious, toxic chemicals and waste products" on property she owned, and then "illegally washed down said substance further contaminating the land belonging to Plaintiff." (Compl. 2, ECF No. 1-2). Buras brings state law claims of 1) damages to plaintiff and property; 2) emotional distress and suffering; 3) trespass; 4) punitive damages; and 5) attorney's fees.

The defendants removed the case to this Court on the basis of the Court's federal question jurisdiction. (Notice of Removal 1, ECF No. 1). The defendants

assert that by stating that the dumping and washing were violations of, among other things, "the laws of the United States of America," Buras is attempting to hold them liable for violations of federal law, and she has therefore presented a federal question.

DISCUSSION

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress. These statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotations and citations omitted). "It is to be presumed that a cause lies outside this limited [federal] jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l. Bank v. Anderson,* 539 U.S. 1, 6 (2003). Whether federal question jurisdiction exists is determined by application of the "well-pleaded complaint rule." *Id.* Under this rule, "the plaintiff's well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 n.11 (5th

Cir. 2017) (quoting *R.I. Fishermen's All., Inc. v. R.I. Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009). "As a result, there is generally no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Ezell v. Kansas City S. Ry. Co.*, 866 F.3d 294, 297 n.2 (5th Cir. 2017) (citation and quotation marks omitted).

In this case, Buras has alleged substantive claims for trespass and emotional distress; both state law claims. Federal question jurisdiction presumably does not apply. The defendants contend however, that the Complaint "specifically claims that Defendants are liable to her because they acted contrary to federal law by allegedly dumping of toxic and other waste on her land." (Def. Resp. 3, ECF No. 11). In the Court's view, this is a mischaracterization of Buras' claims. She claims that the defendants trespassed on her land by dumping toxic waste, causing damage to the land and emotional distress to her.

"[A] civil trespass cause of action in Mississippi includes three elements: 1) an intrusion upon the land of another without license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; 3) credible evidence that the party charged is the party responsible for the tort." *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP, 2017 WL 3263722, at *3 (S.D. Miss. May 12, 2017) (citations omitted). The character or composition of the materials dumped upon her land is not an essential element of the claim. As this Complaint is drafted, there is no need for Buras to prove that the defendants violated any federal environmental law or regulation in order to prove

Cir. 2017) (quoting *R.I. Fishermen's All., Inc. v. R.I. Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009). "As a result, there is generally no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Ezell v. Kansas City S. Ry. Co.*, 866 F.3d 294, 297 n.2 (5th Cir. 2017) (citation and quotation marks omitted).

In this case, Buras has alleged substantive claims for trespass and emotional distress; both state law claims. Federal question jurisdiction presumably does not apply. The defendants contend however, that the Complaint "specifically claims that Defendants are liable to her because they acted contrary to federal law by allegedly dumping of toxic and other waste on her land." (Def. Resp. 3, ECF No. 11). In the Court's view, this is a mischaracterization of Buras' claims. She claims that the defendants trespassed on her land by dumping toxic waste, causing damage to the land and emotional distress to her.

"[A] civil trespass cause of action in Mississippi includes three elements: 1) an intrusion upon the land of another without license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; 3) credible evidence that the party charged is the party responsible for the tort." *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP, 2017 WL 3263722, at *3 (S.D. Miss. May 12, 2017) (citations omitted). The character or composition of the materials dumped upon her land is not an essential element of the claim. As this Complaint is drafted, there is no need for Buras to prove that the defendants violated any federal environmental law or regulation in order to prove

Cir. 2017) (quoting *R.I. Fishermen's All., Inc. v. R.I. Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009). "As a result, there is generally no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Ezell v. Kansas City S. Ry. Co.*, 866 F.3d 294, 297 n.2 (5th Cir. 2017) (citation and quotation marks omitted).

In this case, Buras has alleged substantive claims for trespass and emotional distress; both state law claims. Federal question jurisdiction presumably does not apply. The defendants contend however, that the Complaint "specifically claims that Defendants are liable to her because they acted contrary to federal law by allegedly dumping of toxic and other waste on her land." (Def. Resp. 3, ECF No. 11). In the Court's view, this is a mischaracterization of Buras' claims. She claims that the defendants trespassed on her land by dumping toxic waste, causing damage to the land and emotional distress to her.

"[A] civil trespass cause of action in Mississippi includes three elements: 1) an intrusion upon the land of another without license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; 3) credible evidence that the party charged is the party responsible for the tort." *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP, 2017 WL 3263722, at *3 (S.D. Miss. May 12, 2017) (citations omitted). The character or composition of the materials dumped upon her land is not an essential element of the claim. As this Complaint is drafted, there is no need for Buras to prove that the defendants violated any federal environmental law or regulation in order to prove

her trespass claim under state law.  She need only show that the defendants came on her land without permission and caused damage.  Because Buras' state law causes of action do not rely on federal law for "a necessary element," the defendants have not demonstrated that federal question jurisdiction exists in this case.  It will be remanded to state court.  However, Buras' request for fees and costs is denied, as there was an objectively reasonable basis for seeking removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [6] Motion to Remand filed by the plaintiff, Glenda D. Buras, is **GRANTED**.  The above styled and numbered cause is hereby **REMANDED TO THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE